## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2016, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

T. Andrew Perkins
Peterson Waggoner & Perkins, LLP
Rochester, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Trevor Williams,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 15, 2016

Court of Appeals Case No.
25A03-1604-CR-905

Appeal from the Fulton Superior Court

The Honorable Wayne E. Steele, Judge

Trial Court Cause Nos.
25D01-0810-FB-480
25D01-0810-FC-485
25D01-0903-FB-95

**Bailey, Judge.**

# Case Summary

[1] Trevor Williams ("Williams") brings a belated appeal to challenge his sentence imposed following his pleas of guilty to Conspiracy to Commit Arson, as a Class B felony,[1] Burglary, as a Class B felony,[2] and Escape, as a Class C felony.[3] He presents the sole issue of whether his aggregate sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On September 19, 2008, Williams and his friends discussed setting fire to a hay-filled barn in Fulton County. Williams then started a fire, and the barn and its contents were destroyed.

[3] On September 28, 2008, Williams broke into a Fulton County residence with the intent to steal property. He was observed leaving the residence carrying a shotgun wrapped in a hooded sweatshirt.

[4] After he had been taken into police custody, Williams agreed to act as a police informant. On October 6, 2008, Williams was given $160.00, fitted with a

---

[1] Ind. Code §§ 35-43-1-1, 35-41-5-2.

[2] I.C. § 35-43-2-1.

[3] I.C. § 35-44-3-5. This statutory provision has been repealed and recodified.

recording device, and transported to a Fulton County residence for the purpose of conducting a controlled drug buy. However, Williams abandoned the recording device and escaped out the back door.

[5] On June 11, 2009, Williams pled guilty to Conspiracy to Commit Arson, Burglary, and Escape. Pursuant to the terms of his plea agreement with the State, the executed portion of the sentence for each Class B felony was to be capped at ten years. Sentencing on the Class C felony was left to the discretion of the trial court.

[6] On July 9, 2009, the trial court conducted a sentencing hearing at which Williams testified. The trial court found Williams's juvenile history and pending criminal charges in another county to be aggravating. His age – eighteen – and his injuries from a recent automobile accident were found to be mitigating circumstances. The trial court imposed twenty-year sentences, with ten years suspended, for each of the Class B felony convictions. Williams received a two-year sentence for his Class C felony conviction. All sentences were to be served consecutively, providing for an aggregate sentence of forty-two years, with twenty years suspended.

[7] On March 28, 2016, the trial court granted Williams's request to pursue a belated appeal.

# Discussion and Decision

## Appropriateness of Sentence

[8] Indiana Code Section 35-50-2-5 provides that a person convicted of a Class B felony faces a sentencing range of six to twenty years, with the advisory sentence being ten years. Indiana Code Section 35-50-2-6 provides that a person convicted of a Class C felony faces a sentencing range of two to eight years, with four years as the advisory sentence. Williams received a maximum term of years for his Class B felony convictions, but did not receive a maximum sentence because ten years of each sentence were suspended.[4] He received a minimum sentence for his Class C felony conviction.

[9] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard

---

[4] A maximum sentence is a fully executed sentence of maximum length. *Bratcher v. State*, 999 N.E.2d 864, 871 (Ind. Ct. App. 2013).

of review."' *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007) (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[10] As for the nature of the conspiracy offense, Williams and friends planned to burn down a barn. Williams then set fire to the hay-filled barn, causing a total loss of $334,122.00. He broke into the residence of someone he knew, and took a shotgun from inside the residence. He agreed to assist police officers in a controlled drug buy, but escaped out a back door while the officers were waiting, potentially endangering the surveilling officers.

[11] As to the character of the offender, Williams was adjudicated delinquent for possessing marijuana and stolen property. He was placed on probation, but probation was unsuccessfully terminated due to Williams's lack of compliance with substance abuse treatment and anger management counseling. Shortly after reaching the age of eighteen, Williams committed the instant crimes and was charged in Warsaw County with the offenses of Possession of Marijuana and Conversion. Williams admitted that, at his guilty plea hearing, he gave perjured testimony when he claimed that he acted alone in committing the burglary. His motive was to protect friends.

[12] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[13]     The aggregate sentence imposed for Conspiracy to Commit Arson, Burglary, and Escape is not inappropriate.

[14]     Affirmed.

[15]     Barnes, J., concurs.
Riley, J., dissents with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trevor Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | Court of Appeals Case No. <br> 25A03-1604-CR-905 |

**Riley, Judge dissenting**

I respectfully dissent from the majority's decision to affirm Williams's aggregate sentence of forty-two years, with twenty years suspended. The record indicates that the offenses occurred shortly after Williams's eighteenth birthday. When he was seventeen years old, Williams was involved in an automobile accident, and sustained "serious brain injury" in addition to several broken bones. (Appellant's App. Vol.5, p.18). Williams testified that after the accident he attended classes to "learn how to read and write and walk and run the way a

normal person should." (Transcript p. 42). He still suffers memory loss and is in continuous pain. At the sentencing hearing, Williams expressed remorse and admitted that he is "simply young, dumb, and easily influenced by [his] friends." (Tr. p. 43).

[17] Based on Williams's young age, negative peer pressure, and the resulting injuries from the car accident, I would conclude that the trial court's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B) and would instruct the trial court to run the sentences concurrently.